## Caprari v. Insurance Company of North America

Before Lewis and Bigelow, JJ.:

*Anthony P. Moses* and *Rosenn, Jenkins & Greenwald* for plaintiff.

*J. Thirwall Griffith* and *John J. Aponick, Jr.,* for defendant.

BIGELOW, J., June 21, 1965.—In this case, plaintiff has brought an assumpsit action against defendant for $2,331.25, representing the amount of damage to plaintiff's premises allegedly insured against windstorm

and hail damage by an insurance policy issued by defendant to plaintiff. In defendant's answer to plaintiff's complaint, under the heading of counterclaim, defendant pleads:

"COUNTERCLAIM

"By way of further answer and defense, the Defendant alleges the Plaintiff is indebted to it upon the following cause of action:

"11. The Plaintiff, Dominick Caprari, is indebted to the Defendant, Insurance Company of North America, in the sum of $350.51 by virtue of judgment in favor of Insurance Company of North America and against Dominick Caprari entered November 23, 1964 in Municipal Court No. 2, Marion County, State of Indiana in an action captioned 'Insurance Company of North America vs. Dominick Caprari, Cause No. R 38902'. A copy of certified copy of said judgment is attached hereto, made part hereof, and marked Exhibit 'A'.

"WHEREFORE, Defendant demands judgment against Plaintiff in the sum of $350.51 with interest from November 23, 1964 and costs of suit."

Plaintiff filed preliminary objections to defendant's counterclaim, namely, a motion to strike the counterclaim, stating as the reasons therefor that "said Counterclaim violates the Rule of Court and the Statutes of the Commonwealth of Pennsylvania which require that all civil cases involving an amount in controversy which is less than $2,000 must first be submitted to arbitration".

Plaintiff's argument brief identifies the statute and court rule here at issue as the act approved June 16, 1836, as amended June 14, 1952, P. L. (1951) 2087, 5 PS §1, et seq. and Luzerne County Rule 260(a) adopted pursuant to said act. In substance, this rule requires that *all* civil cases which are at issue, when the amount in controversy shall be of $2,000 or less,

with certain exceptions not applicable here, shall first be submitted to, and heard by, a board of arbitration.

Plaintiff does not question the propriety of defendant's counterclaim on any basis other than the amount thereof, and, thus, our consideration will be limited to that particular feature. The jurisdiction of the court of common pleas attached when plaintiff filed his complaint. Pennsylvania Rule of Civil Procedure 1019(e) permits the pleading of a judgment of a foreign court in the manner utilized by defendant.

It appears to the court that defendant could not circumvent the mandate of local rule 260(a) if it were filing an action as plaintiff to recover the sum of $350.51, and it is precluded from doing so by way of counterclaim in this action. Plaintiff cites Swan v. Malishiski, 47 Luz. 35 (1957), in support of its motion. The general subject of jurisdiction under the arbitration statute and local rules has been ruled upon in Koch v. Carroll, 48 Luz. 189; Pettine v. Patterson 18 D. & C. 2d 436, and Shalamanda v. Laudeman, 18 D. & C. 2d 734. These decisions, while not ruling upon the precise point here at issue, clearly demonstrate that the jurisdictional amount determines the forum in which a claim shall originally be heard, and that the courts cannot deviate from this standard. See also Smith Case, 381 Pa. 223.

Defendant maintains in its reply brief that consideration of the implications of res adjudicata or collateral estoppel should prevail over the plain language of the statute and the local rule. However, in this brief, defendant admits that neither of these issues have arisen in the matter now before the court. Suffice to note at this time that the court in Pettine v. Patterson, supra, found no obstacle to assigning five separate actions for damages arising from a collision of automobiles to either arbitration or jury trial on the basis of the amount involved in each case.

Plaintiff's motion to strike defendant's counterclaim will be granted.

ORDER

The counterclaim filed by defendant in this action is stricken.